UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

JTMERC LLC,

                  Plaintiff,

    -against-

ANGLO IRISH BANK CORPORATION
LIMITED,

               Defendant.

------------------------------------- X

Docket No. 11-cv-0605-NRB

ANSWER

Defendant Anglo Irish Bank Corporation Limited, by its attorneys, Troutman Sanders

LLP, as and for its answer to the allegations in the complaint, alleges as follows:

### Nature of the Action

1.      With respect to Paragraph 1 of the complaint, to the extent any response is

necessary, Anglo Irish denies all allegations therein.

### The Parties

2.      Defendant denies knowledge and information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 2 of the complaint.

3.      Defendant admits the allegations contained in Paragraph 3 of the complaint.

### Jurisdiction and Venue

4.      Defendant denies knowledge and information sufficient to form a belief as to

JTMERC's state of incorporation or principal place of business.  With respect to the allegations

relating to diversity, no response is necessary inasmuch as it recites conclusions of the law.

5.      With respect to the allegations of Paragraph 5 of the complaint, insofar as it

alleges conclusions of law, no response is necessary.

Facts

6.     Denies the allegations of Paragraph 6 of the complaint and respectfully refers to Exhibit A for its contents.

7.     Denies the allegations of Paragraph 7 of the complaint and refers to Exhibit B for its contents.

8.     Denies the allegations of Paragraph 8 of the complaint and refers to Exhibit B for its contents.

9.     Denies the allegations of Paragraph 9 of the complaint and refers to Exhibit B for its contents.

10.     Denies the allegations of Paragraph 10 of the complaint and affirmatively avers that it advised JTMERC verbally and in writing on various occasions as early as October 6, 2010 and again on October 25, 2010, the date of the closing, that the principal amount outstanding from the borrower was less than $15,731,480.60 due to the application of escrow funds.

11.     Denies the allegations of Paragraph 11 of the complaint and refers to Exhibit C for its contents.

12.     Denies the allegations of Paragraph 12 of the complaint and refers to Exhibit B for its contents.

13.     Denies the allegations of Paragraph 13 of the complaint, except admits that the closing occurred on October 25, 2010 and JTMERC paid the purchase price for the loan, and further states that JTMERC was on notice and was advised prior to the closing that the Escrow Deposit had been applied, had reduced the amount of principal outstanding, and that such Escrow Deposit no longer existed.

14.     Denies the allegations of Paragraph 14 of the complaint.

15.     Denies the allegations of Paragraph 15 of the complaint.

16.     Denies the allegations of Paragraph 16 of the complaint.

17.     Denies the allegations of Paragraph 17 of the complaint and refers to the

Agreement for its contents.

18.     Denies the allegations of Paragraph 18 of the complaint, except admits that

JTMERC purported to reserve its rights and remedies.

19.     Admits the allegations of Paragraph 19 of the complaint, and avers that no money

is due to JTMERC with respect to the Escrow Deposit and JTMERC has been so advised.

20.     Denies the allegations of Paragraph 20 of the complaint.

COUNT ONE
(Breach of Contract)

21.     Anglo Irish repeats and realleges each of its responses to Paragraphs "1" through

"20" of the complaint as if fully set forth herein.

22.     Admits the allegations of Paragraph 22 of the complaint.

23.     Denies the allegations of Paragraph 23 of the complaint.

24.     Denies the allegations of Paragraph 24 of the complaint.

25.     Denies the allegations of Paragraph 25 of the complaint.

26.     Denies the allegations of Paragraph 26 of the complaint.

COUNT TWO
(Money Had and Received)

27.     Anglo Irish repeats and realleges each of its responses to Paragraphs "1" through

"26" of the complaint as if fully set forth herein.

28.     Denies the allegations of Paragraph 28, except admits that it applied the Escrow

Deposit prior to October 7, 2010 and that it so advised JTMERC.

29.     Admits the allegations of Paragraph 29 of the complaint.

30.     Denies the allegations of Paragraph 30 of the complaint.

31.     Denies the allegations of Paragraph 31 of the complaint.

## COUNT THREE
### (Conversion)

32.     Anglo Irish repeats and realleges each of its responses to Paragraphs "1" through "31" of the complaint as if fully set forth herein.

33.     Denies the allegations of Paragraph 33 of the complaint.

34.     Denies the allegations of Paragraph 34 of the complaint.

35.     Denies the allegations of Paragraph 35 of the complaint.

## COUNT FOUR
### (Commercial Bad Faith)

36.     Anglo Irish repeats and realleges each of its responses to Paragraphs "1" through "35" of the complaint as if fully set forth herein.

37.     Denies the allegations of Paragraph 37 of the complaint and refers to website for its content.

38.     Denies the allegations of Paragraph 38 of the complaint.

39.     Denies the allegations of Paragraph 39 of the complaint and avers that it informed JTMERC prior to October 7, 2010 that it was applying the Escrow Deposit.

40.     Denies the allegations of Paragraph 40 of the complaint.

41.     Denies the allegations of Paragraph 41 of the complaint.

42.     Denies the allegations of Paragraph 42 of the complaint.

43.     Denies the allegations of Paragraph 43 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44.     The complaint fails to state a claim for relief.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45.     The transaction at issue did not encompass the Escrow Deposit as it was not part of the loan documents in the assignment, and Anglo-Irish reserved all rights to the deposit for itself.

46.     Plaintiff was advised of the Escrow Deposit and the fact that it was being applied to reduce the principal outstanding, and nevertheless went ahead with the purchase at the initial price.

47.     Plaintiff was fully aware at all times that the Escrow Deposit had been applied, had reduced the principal amount of the loan, and that the Escrow Deposit had not been assigned to and did not belong to the Buyer.

48.     Plaintiff acquiesced to the application of the Escrow Deposit, closed on the transaction, and then for the first time demanded such funds.

49.     Accordingly, plaintiff's complaint should be dismissed because plaintiff has unclean hands.

WHEREFORE, defendant Anglo-Irish Bank Corporation Limited demands judgment, dismissing the complaint against it in its entirety, together with such other and further relief as this Court deems just and proper.

-6-

Dated: New York, New York.
      March 18, 2011

Respectfully submitted,

TROUTMAN SANDERS LLP

By: _____
      Aurora Cassirer
      The Chrysler Building
      405 Lexington Avenue
      New York, New York  10174
      (212) 704-6000

Attorneys for Defendant